## HOHENSTEIN v. HEDDEN.

*(Circuit Court, S. D. New York. February 14, 1889.)*

1. **CUSTOMS DUTIES—CONSTRUCTION OF STATUTES.**
     The provision of section 2499 of the Revised Statutes, (as amended by the act of March 3, 1883,) that "if two or more rates of duty should be applicable to any imported article, it shall be classified for duty under the highest of such rates," applies to a manufactured article composed partly of metal and partly of paper, the latter being the material of chief value.

2. **SAME.**
     Paper lamp-shades, with rings of wire at the top and bottom to hold the paper in position, and with a wire frame-work across the top to hold the shade on the chimney of the lamp, the metal constituting a substantial part of the article both in value and in use, are by virtue of section 2499. Rev. St., dutiable at 45 per centum under the provision in Schedule C of the tariff act of March 3, 1883, for "manufactures, articles, or wares not specially enumerated or provided for in this act, composed wholly or in part of iron, * * * or any other metal," etc., and not at 15 per centum under the provision in Schedule M of the same act for "paper, manufactures of, or of which paper is a component material, not specially enumerated or provided for in this act."

At Law. On motion for direction of verdict.

This was an action to recover moneys exacted as duties and alleged to be in excess of the lawful rate. The articles imported were paper lamp-shades, composed of metal and paper, the latter being concededly the component material of chief value. They had been classified for duty as "manufactures composed wholly or in part of metal not specially enumerated or provided for" under a provision therefor in Schedule C, act of March 3, 1883, and assessed for duty at 45 per cent. The importer claimed that they were "manufactures of paper, or of which paper is a component material, not specially enumerated or provided for," and dutiable at 15 per cent. under a provision therefor in Schedule M of the same act. It was shown upon the trial that the shades were made of colored and ornamented paper, with a thin ring of wire at the top and bottom to hold the paper in shape, and with a wire frame-work across the top, which would slide part of the way over a lamp-chimney, and hold the shade in position; that the shades could not be made fit for use without the metal portions; and that the elements of cost in the article were as follows: Paper, 18 marks 75 pfennings; wire rings and frame-work, and cost of cutting same, 4 marks; labor for making and finishing shade, 4 marks 25 pfennings.

*Stephen G. Clarke* and *Charles Curie*, for plaintiff.

*Stephen A. Walker*, U. S. Atty., and *W. Wickham Smith*, Asst. U. S. Atty., for defendant.

LACOMBE, J., (*orally.*) It is unnecessary, in disposing of this case, to enter upon any elaborate discussion of the provisions of the statute under which this particular case arises. Such discussion I suppose will come up in the *Album Case*, (*Liebenroth* v. *Robertson*, 33 Fed. Rep. 457,) which is now on its way to the supreme court; and I suppose the decision of the supreme court in that case will practically control the decision in this.

I shall therefore direct a verdict for the defendant, and the reasons which control me in coming to that conclusion are:

1. The testimony of the plaintiff that the metal which is present in this combination is essential to the article; that both the paper and the metal are essential to the product.

2. The relative values of the two articles, irrespective of their use.

Even if it be conceded that all the labor of putting the articles together is to be counted with the paper, instead of being divided between the metal and the paper, then the cost of the wire, plus the cost of the labor in cutting the wire, (and which is a part of the cost of the wire,) is over 14 per cent. of the value of the product as the article stands completed; it is over 15 per cent. the value of the paper and the wire together; and, as compared with the value of the paper alone, it is $21\frac{1}{3}$ per cent. of the value of the paper. In view of those relative proportions in which the metal and the paper enter into the article, and of the testimony of the witness that both are equally essential to the product, under the rule laid down in the *Album Case* a verdict is directed for the defendant.